# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARKEL TYRONE SIMMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:14CV79 SNLJ |
| UNKNOWN STOLZER, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, a prisoner, moves for leave to proceed in forma pauperis. The motion is granted. Additionally, the Court finds that the complaint should be dismissed for failure to state a claim upon which relief can be granted.

## **28 U.S.C. § 1915(b)**

Normally, a prisoner is required to pay the full amount of the filing fee in installments. Plaintiff, however, has no funds to pay any portion of the filing fee. As a result, plaintiff will be permitted to proceed without prepayment of an initial partial filing fee.

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his serious medical needs. Plaintiff alleges that on the night of May 22, 2014, he began "explosively" vomiting in his cell. Plaintiff says that he told defendants Gegg and Richey that he needed medical attention. They told him he should rest. Plaintiff says that he continued to vomit, and he asserts that Gegg and Richey took him to the nurse, defendant Barbara Odem. Odem gave plaintiff a pill to quell his nausea. Plaintiff avers that the pill did not help and that he continued to vomit.

Plaintiff claims he could not eat breakfast the next morning. He says that at lunchtime he began vomiting again. He asked defendant Carrow to call the doctor and nurse. Carrow agreed to do so. Plaintiff says he vomited until about 1:00 p.m. He further says that Carrow gave him another nausea pill. Plaintiff asserts that he continues to have neck, back, nose, mouth, and stomach pain.

**Discussion**

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct.

Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Cambreros v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).

Plaintiff's allegation of short-term vomiting does not demonstrate an objectively serious medical need that would cause a layperson to recognize the necessity for a doctor's attention. Moreover, plaintiff has not demonstrated that defendants deliberately disregarded his medical needs. The correctional officers took plaintiff to see the nurse, and the nurse gave plaintiff medication for nausea. The fact that the medication may not have worked in the way plaintiff wanted it to does not show deliberate indifference. If the allegations demonstrate any wrongdoing, it does not rise above the level of negligence. As a result, plaintiff's allegations fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of June, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE